STATE of Missouri,
Plaintiff/Respondent,

v.

Dale W. McKENZIE,
Defendant/Appellant.

No. ED 89179.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 5, 2008.

Rosalynn A. Koch, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer; Assistant Attorney

General, Jefferson City, MO, for Respondent.

Before MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J.

### ORDER

PER CURIAM.

Dale McKenzie (Defendant) appeals from the judgment upon his convictions by a jury for one count of first-degree burglary, Section 569.160, RSMo 2000; one count of first-degree assault, Section 565.050, RSMo 2000; and one count of third-degree assault, Section 565.070, RSMo 2000. Defendant was sentenced as a prior and persistent offender to thirty years' imprisonment on the burglary count, life imprisonment for the first-degree assault count, and one-year imprisonment for the third-degree assault count, all sentences to run consecutively. On appeal, Defendant argues the trial court (1) erred in overruling his motion for judgment of acquittal and in entering a conviction and sentence on the charge of first-degree burglary because there was insufficient evidence that Defendant unlawfully entered the house for the purpose of assaulting the victim; (2) abused its discretion in refusing Defendant's request for a continuance to obtain a writ of attachment to compel attendance of a witness at trial; (3) erred in refusing Defendant's verdict director submitting second-degree assault, a lesser included offense of first-degree assault; and (4) erred in overruling Defendant's motion for continuance to show that his prior Georgia conviction was void. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 30.25(b).